FILED

2017 Mar-01  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| THOMAS LUKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| | ) |
| | ) |
| HANK WILLIAMS, an individual | ) |
| HARRELL FARM TRUCKING, LLC, | ) |
| A corporation; et. al. | ) |
| | ) |
| Defendants. | ) |

---

## NOTICE OF REMOVAL

---

COMES NOW the Defendant, identified in Plaintiff's Complaint as Hank Williams ("Defendant" or "Williams"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Thomas Luker in the Circuit Court of Morgan County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division.  In support of this Notice, Williams shows the following:

## A. PROCEDURAL BACKGROUND

1.   This case was commenced by Plaintiff on September 25, 2016, in the Circuit Court of Morgan County, Alabama, Case No. 52-CV 2016-900425.00.   The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.   Service of process was issued to Defendant on September 25, 2016 and again on January 16, 2017.   Defendant's brother received a copy of the Summons and Complaint at Defendant's home address on or about January 31, 2017.

3.   This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.   This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.   Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Morgan County, Alabama as required by 28 U.S.C. § 1446(d).

## B.  DIVERSITY OF THE PARTIES

6.   Plaintiff is a resident and citizen of the State of Alabama.

[Exhibit A-Complaint].  Defendant Hank Williams is a resident citizen of the State of Tennessee.

7.  Defendant, Harrell Farm Trucking, LLC, is a single member limited liability company organized under the laws of the State of Tennessee with its principal place of business in the State of Tennessee. [Exhibit B – Affidavit of Whitney G. Harrell].  Thus, Defendant Harrell Farm Trucking, LLC is not a resident citizen of the State of Alabama. Defendant Harrell Farm Trucking, LLC consents to this Removal Notice.

8.  Although the Complaint names Plaintiff's uninsured/underinsured Motorist insurer, Alfa Mutual Insurance Company ("Alfa"), as a defendant, it is well settled in this Circuit that a UM/UIM carrier who chooses to opt out of the litigation is a nominal party whose citizenship does not destroy diversity.  See *Toole v. Chupp.*  456 F. Supp. 2d 1218, 1222 (M.D. Ala. 2006) (denying Plaintiff's Motion to Remand, the Court held that a "plaintiff should not be able to defeat diversity jurisdiction by adding an uninsured motorist carrier that is playing only a nominal role); *Tompkins v. Craft,* 2008 WL 5381250 *2 (M.D. Ala. 2008) (denying Plaintiff's Motion to Remand, the Court held "[w]hile Alfa's conditional opt-out makes this case somewhat different from *Toole* and *Oliver,* the conditional opt-out does not remove this case from the holding in *Broyles,* because at least at

this point, Alfa has done even less to participate in the case than did the insurer in *Broyles*, which was held to be a nominal party. Based on the state of the case at the time of the removal, therefore, it appears to the court that Alfa is a nominal party whose citizenship does not destroy diversity jurisdiction").

9. On February 2, 2017, Alfa filed a Motion to Opt Out requesting the Court allow it the opportunity to opt out after discovery in this matter. [Exhibit A – Defendant, Alfa Mutual Insurance Company's Motion to Opt Out].

10. Thus, complete diversity of citizenship exists between Plaintiff and the essential Defendants in this case. Further, Defendant Alfa consents to this Removal Notice.

11. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441 (a).

## C. AMOUNT IN CONTROVERSY

12. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interests and costs. 28 U.S.C. § 1332(a).

13. Plaintiff's Complaint alleges claims of negligence and wantonness against Defendants and demands judgment in an amount deemed appropriate under the circumstances, plus the costs of this action. [Exhibit

A – Complaint].

14. The Complaint, which alleges negligence and wantonness against Defendant, states that "Plaintiff, Thomas Luker, suffered the following injuries and damages:

(a) Bodily injury;

(b) Hospital, physical, rehabilitation and pharmaceutical bills;

(c) Future medical expenses;

(d) Pain and suffering on account of personal injury;

(e) Future pain and suffering on account of personal injury;

(f) Mental anguish on account of personal injury;

(g) Permanent impairment;

(h) Loss of earning;

(i) Loss of ability to earn;

(j) Disfigurement.

[Exhibit A – Complaint].

15. Based upon the precedent of *Bush v. Winn Dixie, LLC*, Case 2:15–cv–0113–WMA, Plaintiff's Complaint setting forth claims of negligence and wantonness and damages referenced above establishes the requisite amount in controversy. [Exhibit C – Complaint in *Bush v. Winn Dixie*, LLC – cv- 2014-900513, August 31, 2015; Order and Memorandum

Opinion remanding *Bush v. Winn Dixie, LLC* case]; See also *Smith v. State Farm and Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . .who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff]. . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

16. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that Defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint. [Exhibit C]. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and

did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the Eleventh Circuit . . . has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." [Exhibit C – Memorandum Opinion p. 2]. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad dammum* clause." [Exhibit C – Memorandum Opinion p. 3]. *Id.* Citing *Smith v. State Farm Casualty Co.,* the Court stated: "[t]his court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." [Exhibit C – Memorandum Opinion p.3].

17. On November 9, 2016, Defendant, Harrell Farm Trucking, LLC Propounded Request for Admissions requesting *inter alia* that Plaintiff admit the amount in controversy in this action exceeds $75,000.00, exclusive of costs and interest. [Exhibit A – Defendant Harrell Farm

Trucking, LLC's Request for Admissions]. Plaintiff responded as follows: "As discovery is ongoing, Plaintiff cannot admit or deny [the request] at this time. Plaintiff reserves the right to supplement this response." [Exhibit A – Plaintiff's Responses to Defendant Harrell Farm Trucking, LLC's Request for Admissions].

18. Defendant denies he is liable to Plaintiff for any amount but does not dispute the amount in controversy exceeds $75,000.00.

19. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F. 3d 1184 (11th Cir. 2007).

20. The removal is filed within thirty (30) days from when Defendant was served with the Summons and Complaint and is therefore timely.

## D. CONCLUSION

21. Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of a copy of this Notice of Removal with the Clerk of the Circuit

Court of Morgan County, Alabama, shall justify of said suit to this

Honorable Court.

Respectfully submitted this the 1st day of March, 2017.

Justin T. Hale (ASB-5706-T55H)
Connie Ray Stockham (ASB-6238-K69C)
James A. Potts, II (ASB-5610-J62P)
Attorneys for Defendant Hank Williams

WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Phone: 205-323-1888   . .
Direct: 205-241-3149
Fax: 205-323-8907
E-mail: jhale@whitearnolddowd.com
cstockham@whitearnolddowd.com
jpotts@whitearnolddowd.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 2st day of March, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record for all parties to this proceeding.

Tommy H. Siniard
William L. Messervy
Bart Siniard
Siniard, Timberlake & League, P.C.
125 Holmes Avenue
Post Office Box 2767
Huntsville, AL 35804
O: 256-536-0770
F: 256-539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com


Gaynor L. St. John
ALFA Mutual Insurance Company
St. John & St. John, LLC
108 Third Street SE
Post Office Box 2130
Cullman, AL 35056
O: 265-734-3542
F: 56-734-3544
gaynor@stjohnfirm.com

Attorney for Defendant
Hank Williams